# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 17-802

**STATE OF LOUISIANA**

**VERSUS**

**CLAYTON HELAIRE**

\*\*\*\*\*\*\*\*\*\*

SUPERVISORY WRIT APPLICATION FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2017-CR-162197
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ELIZABETH A. PICKETT**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of, Judges Sylvia R. Cooks, Elizabeth A. Pickett, and Billy H. Ezell.

**WRIT DENIED.**

Cooks, J., dissents and assigns written reasons.

Keith A. Stutes
Lafayette Parish District Attorney
Emilia Salas Pardo
Assistant District Attorney
P. O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
COUNSEL FOR PLAINTIFF-RESPONDENT:
	State of Louisiana

C. Cass Luskin
Public Defender's Office
600 Jefferson St. Ste. # 902
Lafayette, LA 70502
(337) 889-5671
COUNSEL FOR DEFENDANT- APPLICANT:
	Clayton Helaire

**PICKETT, Judge.**

On Monday, July 24, 2017, the defendant, Clayton Helaire, was arrested on charges of violation of a protective order and domestic abuse battery. Seven days later, on July 31, 2017, a Gwen's Law hearing was set for August 3, 2017. At the hearing, defense counsel requested the defendant's immediate release due to the failure to comply with the statutory requirement that a hearing to set bond be held within five days. The trial court denied the writ and ordered Defendant held on a $10,000 bond for each charge. The defendant is before this court requesting immediate release and discharge of his bail obligation.

## ASSIGNMENT OF ERROR

The defendant contends he is entitled to immediate release from custody because a Gwen's Law hearing was not held within five days of his July 24, 2017 arrest. He argues that the right to bail is a fundamental constitutional right, just as the right to a probable cause determination (La.Code Crim.P. art. 230.2) and the seventy-two hour right to counsel hearing (La.Code Crim.P. art. 230.1). Since the remedy for an untimely probable cause determination or an untimely right to counsel hearing pursuant to La.Code Crim.P. arts. 230.1 and 230.2 is release, the defendant contends the same remedy should apply in his situation.

In response, the state notes that the bail hearing was ordered by the commissioner on July 31, 2017, and that notice was sent to the Public Defender's Office that day. According to the state's brief, Gwen's Law hearings are set for Mondays and Thursdays, and generally any matter set after Saturday is set for the following Thursday. The state contends that the Public Defender's Office could have requested an immediate hearing be held within the five days or asked that a bond be set immediately without a hearing; however, the defense did not raise the

issue until the writ was filed at the August 3, 2017 hearing. Further, the state contends there is no right to immediate bond, but there is a right to bond, and the defendant was not denied that right.

Louisiana Code of Criminal Procedure Article 313(A), effective January 1, 2017, provides in pertinent part:

> (1) This Paragraph may be cited as and referred to as "Gwen's Law".

> (2) A contradictory bail hearing, as provided for in this Paragraph, may be held prior to setting bail for a person in custody who is charged with domestic abuse battery, violation of protective orders, stalking, or any felony offense involving the use or threatened use of force or a deadly weapon upon the defendant's family member, as defined in R.S. 46:2132 or upon the defendant's household member as defined in R.S. 14:35.3, or upon the defendant's dating partner, as defined in R.S. 46:2151. If the court orders a contradictory hearing, the hearing shall be held within five days from the date of determination of probable cause, exclusive of weekends and legal holidays. At the contradictory hearing, the court shall determine the conditions of bail or whether the defendant should be held without bail pending trial. If the court decides not to hold a contradictory hearing, it shall notify the prosecuting attorney prior to setting bail.

On the defendant's arrest warrant, next to the word "bond" is written "Hold for Gwen's Law Hearing." Under this notation is the signature of Judge Marilyn Castle. On July 31, 2017, Commissioner Thomas Frederick signed an order setting a contradictory bail hearing for August 3, 2017, the day it was held.

At the August 3, 2017 hearing, the defense filed a writ of habeas corpus seeking the defendant's immediate release. Although the state offered no opposition to the writ of habeas corpus, the court did not grant the requested relief.[1] Rather, it determined that the hearing was three days beyond the five-day time limit and that the appropriate remedy was to have bail set without a contradictory

---

[1] The prosecutor informed the judge at the hearing that "parole put a hold" on the defendant, so he was not "going anywhere."

hearing as opposed to release. The court asked whether the defense wished for bond to be set or whether it wanted the opportunity to have a hearing. Defense counsel approached the bench and had a discussion off the record, immediately after which the court set a bond of $10,000.00 on each charge.

As stated in Article 313, the court is not required to hold a Gwen's Law hearing; the determination of whether to have the hearing is discretionary. If, however, the court orders a hearing, Article 313 requires it be held within five days of the determination of probable cause. If a *warrantless* arrest is effected, La.Code Crim.P. art. 230.2 requires a determination of probable cause within forty-eight hours of arrest. In this case, law enforcement obtained arrest warrants. They were signed by the judge on July 7, 2017, and the warrants were executed on July 24, 2017. We find the five days runs from the date of arrest (July 24, 2017). A Gwen's Law hearing was not held within that five-day period. Nevertheless, we agree with the trial court's determination that the remedy for a violation is not immediate release.

Gwen's Law is relatively new, and there is no jurisprudence discussing the remedy for a violation of the five-day time period. In an analogous case from the supreme court, *State v. Taylor*, 02-1276 (La. 5/8/02), 815 So.2d 827, the trial court interpreted former La.Code Crim.P arts. 330 and 330.1. Article 330 stated that, except for certain offenses, bail is required before conviction. Article 330 set forth certain classes of offenses for which the judge or magistrate could refuse bail after holding a contradictory hearing. Article 330.1 required that the contradictory hearing must be held within five days. In *Taylor*, the court found error in the trial court's order that the defendant be held without bond without holding a contradictory hearing. The supreme court ordered the trial court to conduct a

contradictory hearing as expeditiously as possible but ordered the defendant to remain in custody pending the resolution of the hearing.

When the trial court failed to hold a contradictory hearing on July 31, 2017, the appropriate action pursuant to the statute was to set bail after notifying the district attorney. The remedy for failure to comply with this statute is not immediate release, it is the setting of a bond based on the factors set forth in La.Code Crim.P. arts. 313(A)(3) and 316. The trial court set bail on the date of the hearing set by the commissioner. We find no error in the trial court's denial of the defendant's request for immediate release and discharge of his bail obligation. The application for supervisory writ is therefore denied.

**WRIT DENIED.**

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 17-802

**STATE OF LOUISIANA**

**VERSUS**

**CLAYTON HELAIRE**

**COOKS J., dissents.**

The purpose of a bail hearing is to give Defendant an opportunity to provide reasons why bail should not be fixed high, why he is not a flight risk, etc. In this case, Defendant has been denied that right altogether and bail was fixed without providing him his right to a hearing.

We must stop patching the holes in the system from the bench. This is not the role of the judiciary but the obligation of the legislature. In this instance, it makes no sense to say, yes Defendant has a right to have his bond fixed within five days, but if we mess up, then we can simply fix the bond in seven days or whatever and that cures it all. Never mind that Defendant stayed in jail past the fifth day without a hearing or opportunity to post a bond; and never mind that he is now made to suffer another denial of his right—the right to be heard before the bond is in fact fixed.